UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIX MARTINEZ, ALEJANDRO
LLUBERES, NARCISO PEREZ,
ALEJANDRO VAZQUEZ-
FALERO, LUIS ABRAHANTES,
DIOSDADO PEREZ, ISBEL PEREZ
and RAFAEL PEREZ,

      Plaintiffs

CASE NO. 8:03-CV-1197-T-27GTW

vs.

PAVEX CORPORATION, a
Florida Corporation,

      Defendant
_____/

## SUBSTITUTED COMPLAINT

Preliminary Statement

1. Plaintiffs are seven Cuban-Americans and one Dominican-American who were injured by a racially hostile working environment, as well as discrete acts of discrimination, at defendant's Bartow, Florida facility. Plaintiffs were subjected to frequent racial slurs and epithets by defendant's supervisors and other employees, and to racially-motivated physical threats and attacks by supervisors and other employees. This environment continued despite complaints made by many of the plaintiffs, and by others, to defendant's management.

2. Plaintiffs bring this action seeking restoration of their contract rights, economic damages, punitive damages and other damages to compensate them for losses suffered by reason of defendant's acts of discrimination and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981, and other wrongful acts.

Jurisdiction

3. Jurisdiction of this matter is conferred by 28 U.S.C. §§1331 and 1343(3). Supplemental jurisdiction of plaintiffs' state law claims is conferred by 28 U.S.C. §1367, as plaintiffs' state and federal claims arise out of a common nucleus of operative fact, as more fully set forth below.

Parties

4. Plaintiffs worked under contracts with various trucking companies which in turn contracted with defendant to pick up and deliver materials to defendant's Bartow, Florida facility and defendant's job sites. Plaintiff LLUBERES is a resident of Dade County, Florida, and speaks Spanish and some English. Plaintiff MARTINEZ is a resident of Palm Beach County, Florida, and speaks only Spanish. Plaintiffs NARCISO PEREZ, VAZQUEZ-FALERO, ABRAHANTES, DIOSDADO PEREZ, ISBEL PEREZ and RAFAEL PEREZ are residents of Hillsborough County, Florida, and speak only Spanish. Plaintiff LLUBERES is of Dominican ancestry; the remaining seven plaintiffs are of Cuban ancestry.

5. DEFENDANT PAVEX CORPORATION is a Florida corporation which maintained facilities and operations in Polk County, Florida at all times relevant to the allegations herein. On information and belief and subject to obtaining evidentiary support after a reasonable opportunity for further investigation and discovery, said operations are no longer conducted in the name of this defendant, and this defendant is currently an empty corporate shell. This defendant is subject to suit under 42 U.S.C. §1981.

Statement of Facts as to Racially Hostile Work Environment

6. Defendant maintained a racially hostile working environment in which plaintiffs were required to work on a daily basis, under their contracts for delivery to defendant's facility, as set out

below and in the specific Statements of Fact as to each plaintiff.

7. Employees and supervisors at defendant's Bartow facility made frequent references to "niggers" and "Cubans", "fucking niggers", and "fucking Cubans", and other degrading and discriminatory remarks about Hispanic workers, often in their presence of, and in addressing plaintiffs and other Hispanic workers.

8. The above-described harassment and discrimination was directed at plaintiffs because they are Hispanic.

9. The above-described harassment and discrimination were so severe and pervasive that they substantially altered the terms and conditions of plaintiffs' contracts with their employers and created a discriminatorily abusive working environment for plaintiffs. The harassment and discrimination was in all cases humiliating, and was often physically threatening and included threats and acts of violence toward plaintiffs. The harassment and discrimination unreasonably interfered with plaintiffs' performance of their contracts.

10. Plaintiffs and other affected individuals complained to defendant's Bartow facility management, and to its parent office in Orlando, Florida regarding defendant's racially hostile working environment, as set out more fully below in the Statements of Fact as to the individual plaintiffs. Despite these complaints, defendant's racially hostile work environment continued.

<u>Statement of Facts as to Plaintiff Felix Martinez</u>

11. Plaintiff Felix Martinez was contracted to J & I Trucking through Plaintiff Luis Abrahantes beginning in 1999 as a truck driver. Plaintiff was qualified for this position in that he held a Class A Commercial Drivers License with a Hazardous Materials Endorsement, and had many years' experience as a truck driver.

3

12. During this employment, plaintiff frequently was assigned to make deliveries of asphalt to defendant's Bartow road crews, where he was required to take direction from defendant's paving foreman and agent, Terry Overcash. Overcash cursed and ridiculed plaintiff and other Hispanic workers regularly, and addressed plaintiff as a "stupid motherfucking Cuban".

13. On several occasions Overcash refused to allow plaintiff to make his deliveries to the job site, and sent him away. After this happened for three days in a row, and Overcash stated that he did not want plaintiff to return because he did not speak English, plaintiff ceased working on Pavex jobs.

## Statement of Facts as to Plaintiff Luis Abrahantes

14. Plaintiff Luis Abrahantes was an owner-operator under contract to Montgomery Trucking in as a truck driver, beginning in about 1996. In about 1998, plaintiff began working for affiliates or successors of Montgomery Trucking, including Margie Woods Trucking, J&I Trucking and Diamond C Trucking. Under his contractual agreement with these companies, plaintiff was regularly assigned to make deliveries to defendant's facility in Bartow.

15. In making deliveries to defendant's job sites, plaintiff was required to take direction from defendant's foreman and agent, Terry Overcash. Overcash made racially hostile remarks to plaintiff and other Hispanic drivers, unreasonably delayed them, and attempted to discourage them from making deliveries to defendant. On one occasion, Overcash became angry at plaintiff, threw his hard hat at plaintiff's truck, and called him a "fucking Cuban".

16. On another occasion Overcash rejected a load of asphalt plaintiff had delivered, stating that it was not hot enough. Defendant required plaintiff to reimburse it $600 for the rejected load of asphalt. To the extent that the asphalt may have not been the proper temperature, this was due to

4

the actions of defendant and its employees, and not those of plaintiff.

17. Plaintiff complained about this discriminatory treatment, through a bilingual employee of defendant, to defendant's Area Manager Don Kesling and defendant's Paving Manager Jimmy Allen. However, defendant did not discipline or warn Overcash regarding his behavior, nor even discuss plaintiff's complaint with him.

18. After plaintiff complained about discriminatory treatment by defendant, plaintiff was not permitted to do any substantial contract delivery work at defendant's plant.

## Statement of Facts as to Plaintiff Narciso Perez

19. Plaintiff Narciso Perez was an owner-operator under contract to Manny's Trucking as a truck driver, beginning in 1997. Under his contractual arrangement with Manny's Trucking, plaintiff was regularly assigned to make deliveries to defendant's facility in Bartow. In making deliveries to defendant's plant, plaintiff was required to take direction from defendant's Plant Operator and agent, Tony Hill.

20. On February 17, 1998, plaintiff became involved in a dispute with Hill, because Hill would not allow plaintiff to drop a load of rock at the plant. Plaintiff got out of his truck and asked to use the telephone to call his dispatcher for instructions as to what to do with the rock. An altercation ensued, in which Hill berated plaintiff, referring to him as "you fucking Cuban". Hill then struck plaintiff in the face, breaking his glasses and injuring his right eye. Hill pushed plaintiff down and pummeled him until he was unconscious.

21. Plaintiff Narciso Perez' date of birth is October 29, 1934; he was 63 years old at the time of Hill's attack.

22. Plaintiff continues to suffer from impaired vision, dizziness and has a scar as a result of

the attack by defendant's plant operator. He received no contract work at defendant's facilities after the incident with Hill.

### Statement of Facts as to Plaintiff Alejandro Vazquez-Falero

23. Plaintiff Alejandro Vazquez-Falero was an owner-operator under contract to Manny's Trucking and Eagle Rock Transport as a truck driver, beginning in 1997. Under his contractual agreement with these companies, plaintiff was regularly assigned to make deliveries to defendant's facility in Bartow.

24. In making deliveries to defendant, plaintiff was required to take direction from defendant's Plant Operator and agent, Tony Hill. Hill harassed and degraded the Hispanic drivers, referring to plaintiff and others as "stupid fucking Cuban" and "stupid son of a bitch". Hill also refused to accept Hispanic drivers' deliveries on occasion, processed their delivery tickets last, after processing those of white truck drivers, at times refused to sign Hispanic drivers' tickets, and generally attempted to interfere in the performance of their duties under their contracts.

25. Plaintiff complained about this discriminatory treatment to his supervisor at Manny's Trucking, who stated he would attempt to resolve the matter with defendant. After plaintiff's complaint, Hill's treatment of plaintiff became more hostile and discriminatory.

### Statement of Facts as to Plaintiff Diosdado Perez

26 Plaintiff Diosdado Perez was an owner-operator under contract to Manny's Trucking as a truck driver, beginning in 1997. Under his contractual arrangement with Manny's Trucking, plaintiff was regularly assigned to make deliveries to defendant's facility in Bartow. In making deliveries to defendant's plant, plaintiff was required to take direction from defendant's Plant Operator and agent, Tony Hill.

27. Hill and other white employees insulted and degraded plaintiff and the other Hispanic truck drivers, using discriminatory epithets and attempting to discourage them from making deliveries to defendant's plant.

28. Plaintiff was a witness to Hill's physical attack on Plaintiff Narciso Perez on February 17, 1998. Narciso Perez is plaintiff's grandfather.

29. After the attack on Narciso Perez, plaintiff was not permitted to do any substantial contract delivery work at defendant's plant.

### Statement of Facts as to Plaintiff Isbel Perez

30. Plaintiff Isbel Perez was an owner-operator under contract to Manny's Trucking as a truck driver, beginning in 1997. Under his contractual arrangement with Manny's Trucking, plaintiff was regularly assigned to make deliveries to defendant's facility in Bartow. In making deliveries to defendant's plant, plaintiff was required to take direction from defendant's Plant Operator and agent, Tony Hill.

31. Hill insulted and degraded plaintiff and the other Hispanic truck drivers, using discriminatory epithets and attempting to discourage them from making deliveries to defendant's plant.

32. After the attack on Narciso Perez, plaintiff was not permitted to do any substantial contract delivery work at defendant's plant. Narciso Perez is plaintiff's grandfather.

### Statement of Facts as to Plaintiff Rafael Perez

33. Plaintiff Rafael Perez was an owner-operator under contract to Manny's Trucking as a truck driver, beginning in 1997. Under his contractual arrangement with Manny's Trucking, plaintiff was regularly assigned to make deliveries to defendant's facility in Bartow. In making deliveries to

defendant's plant, plaintiff was required to take direction from defendant's Plant Operator and agent, Tony Hill.

34. Hill insulted and degraded plaintiff and the other Hispanic truck drivers, using discriminatory epithets and attempting to discourage them from making deliveries to defendant's plant. Hill addressed plaintiff as "stupid fucking Cuban" and "Cuban thief". Hill would refuse a load, or would delay Hispanic drivers so as to cause them to fall behind in their deliveries. On one occasion, Hill addressed plaintiff as "stupid fucking Cuban", and ordered him to move his truck backward by approximately two feet before dumping his load. This move interfered with the safe and efficient delivery of the material, and put the plaintiff in danger of injury as the truck bed struck a piece of equipment as it was being raised.

35. After the attack on Narciso Perez, plaintiff was not permitted to do any substantial contract delivery work at defendant's plant. Narciso Perez is plaintiff's father.

### Statement of Facts as to Plaintiff Alejandro Lluberes

36. Plaintiff Alejandro Lluberes was an owner-operator under contract to Diamond C Transport beginning in 1998. Under his contractual agreement with Diamond C, plaintiff was regularly assigned to make deliveries to defendant's Bartow facility.

37. During his employment, plaintiff was subjected to racial harassment by Terry Overcash, defendant's paving foreman and agent, on several occasions when he made deliveries to defendant's job sites. On one such occasion on Route 98, part of the load on plaintiff's truck spilled over the side, at which point Overcash screamed, "you fucking Cuban, what are you doing." Plaintiff informed Overcash that he was not Cuban, but was Dominican. Overcash then picked up a shovel, and ordered plaintiff to get out of the truck to clean up the spilled load, "or I'll break this shovel over

your fucking head". Under these circumstances, plaintiff declined to get out of his truck.

38. The racial harassment by Overcash became so offensive and made plaintiff so upset that it caused plaintiff to suffer a stroke, as a result of which he lost the use of his right eye.

39. Plaintiff complained to defendant's Bartow plant management, including Jimmy Allen and Don Kesling, regarding Overcash's discriminatory behavior. However, plaintiff was never informed that any action was taken on his complaints. He carried his complaint further, to Douglas Thurman in defendant's Orlando office. Thurman's response to plaintiff's complaints about racial harassment was that plaintiff could take it or leave it. Defendant never took any action to warn or discipline Overcash for his behavior.

## Malice and Reckless Disregard

40. In subjecting plaintiffs to a racially hostile working environment, interfering with their contractual relations, and in discharging plaintiffs based on their race, national origin, ancestry and ethnicity, and in retaliation for opposing discrimination, and in causing plaintiffs to suffer damage because of their wrongful actions, defendant acted with malice and with reckless disregard for plaintiffs' federally protected rights, and for their rights under Florida law.

## Claims for Relief

41. <u>Discrimination and Retaliation in Violation of 42 U.S.C. §1981</u>. Based on the foregoing, defendant has interfered with plaintiffs' contract rights and discriminated against them in contracting because of their race, ancestry, and ethnicity, engaged in a pattern or practice of discrimination against plaintiffs, and retaliated against them because they opposed discrimination and asserted their claims for equal rights, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981. Defendant has subjected plaintiffs to a hostile working environment because of their race, ancestry and ethnic

characteristics, thereby imposing discriminatory terms and conditions on the performance of plaintiffs' contracts with the trucking companies.

42. <u>Intentional Interference with Advantageous Business Relationships</u>. Based on the foregoing, defendant intentionally interfered with advantageous business relationships and contractual employment relations between Plaintiffs Abrahantes, Martinez, Diosdado Perez, Isbel Perez, Narciso Perez, Rafael Perez and Vazquez-Falero and their employers and contract partners, causing these plaintiffs to suffer damage.

43 <u>Assault.</u> Based on the foregoing, defendant, through its agents and employees, intentionally acted in a manner to cause Plaintiffs Abrahantes, Lluberes and Narciso Perez to apprehend that defendant intended to inflict bodily harm upon plaintiffs and that they had the capacity to inflict such harm, causing these plaintiffs to suffer damage.

44. <u>Battery.</u> Based on the foregoing, defendant, through its agents and employees, intentionally struck or otherwise offensively and harmfully touched Plaintiff Narciso Perez, causing him to suffer damage.

45. <u>Intentional Infliction of Emotional Distress.</u> Based on the foregoing, defendant engaged in extreme and outrageous conduct and intentionally or recklessly inflicted severe emotional distress upon plaintiffs, causing them to suffer damage.

46. <u>Negligent Hiring, Supervision and Retention</u>. Based on the foregoing, defendant breached its duty to hire, supervise and retain its employees, including Tony Hill, Charlie Fanz, Cathy Fanz, Joe "Froggy" Detancourt, Kenny Kell, Faye Turner, Ray Darling, Tom Walker, and Jim Lewis, so as to prevent and stop their continuing acts of racial and ethnic discrimination, harassment and retaliation, assault, battery, intentional interference with advantageous relationships, and

intentional infliction of emotional distress, which acts defendant knew or should have known were continuing, causing Plaintiff Narciso Perez to suffer damage.

## Prayer for Relief

WHEREFORE, plaintiffs pray that this Court enter an order:

(a) Enjoining defendant from discriminating in the future on the basis of race or ancestry or ethnicity, or because the person has opposed or complained about such discrimination;

(b) Awarding damages for lost contractual work, medical expenses and other economic loss to each plaintiff;

(c) Awarding compensatory damages for the emotional pain, suffering and humiliation caused by defendant's acts of discrimination and retaliation and other wrongful acts against plaintiffs;

(d) Awarding punitive damages for defendant's actions taken with malice and with reckless disregard for plaintiffs' federally protected rights, and their rights under state law;

(e) Awarding plaintiffs their reasonable attorney fees and costs of this action; and

(f) Awarding such other relief as this Court deems appropriate.

## Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

_/s/ Peter Helwig_
Peter F. Helwig, Trial Counsel
Florida Bar No. 0588113
Adria Lynn Silva
Florida Bar No. 0137431
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31

11

Lakeland, Florida 33813
Telephone: (863) 648-2958
Facsimile: (863) 619-8901

Jack Scarola
Florida Bar No. 169440
Searcy, Denney, Scarola, Barnhardt & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33402
Telephone: (561) 686-6300
Facsimile: (561) 684-5816

ATTORNEYS FOR PLAINTIFFS

### Certificate of Service

I hereby certify that a copy of the foregoing was mailed by regular U.S. Mail on this /14th day of July, 2003 to Tracey K. Jaensch, Esq. and Jennifer M. Moore, Esq., Ford & Harrison, 101 East Kennedy Boulevard, Suite 900, Tampa, Florida 33602.

Peter F. Helwig